Matter of Panasia Estate Inc. v 29 W. 19 Condominium (2024 NY Slip Op 00460)

Matter of Panasia Estate Inc. v 29 W. 19 Condominium

2024 NY Slip Op 00460

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. . 157852/19 Appeal No. 1579-1580 Case No. 2022-05433 2023-01227 

[*1]In the Matter of Panasia Estate Inc., Petitioner-Appellant,
v
29 West 19 Condominium, et al., Respondents-Respondents. 

Tuttle Yick LLP, New York (Peter C. Dee of counsel), for appellant.
Armstrong Teasdale LLP, New York (Dale J. Degenshein of counsel), for Condominium respondents.
Van Leer Greenberg, New York (Evan Van Leer-Greenberg of counsel), for MKF Realty Corp., respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered November 3, 2022, in favor of respondent MFK Realty Corp. (MFK) in the total amount of $69.201.11, pursuant to an order, same court and Justice, entered October 31, 2022, which granted MFK's motion for attorneys' fees incurred following the award to petitioner of the license pursuant to RPAPL 881, unanimously affirmed, with costs. Order, same court and Justice, entered February 6, 2023, which granted the motion of respondents 29 West 19 Condominium, Lauren Cipicchio, and Daniel Daly for attorneys' fees incurred following the award of the aforesaid license, unanimously affirmed, with costs.
Supreme Court properly awarded respondents their attorneys' fees incurred in this RPAPL 881 license proceeding (see Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33 [1st Dept 2022], lv dismissed 38 NY3d 1125 [2022]). As we previously determined, the American rule does not preclude an award of fees to respondents under RPAPL 881 (id. at 38). Contrary to petitioner's further contention, fees in an RPAPL 881 proceeding are not awarded to the prevailing party, but rather, to respondents who "are not accused of any wrongful conduct but are haled into court by a petitioner seeking access to their properties solely for its own benefit" (id.). Neither the proposed legislation to amend RPAPL 881, which has not become law, nor New York City Building Code (Administrative Code of City of NY title 28, ch 7) § BC 3309.2, precludes an award of attorneys' fees to respondents or affects the court's discretion in awarding fees "upon such terms as justice requires" (RPAPL 881).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024